[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 5, 2006
THOMAS K. KAHN
CLERK

No. 05-17124
Non-Argument Calendar
_____

BIA No. A79-056-556

MAHBUBER RAHMAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(July 5, 2006)**

Before DUBINA, HULL and FAY, Circuit Judges.

PER CURIAM:

Mahbuber Rahman, a native and citizen of Bangladesh, petitions this Court for review of the Bureau of Immigration Appeals' ("BIA") order denying his motion to reopen or reconsider. On appeal, Rahman challenges the denial of his motion as erroneous on numerous grounds,[1] and also argues that, in denying the motion, the BIA violated his due process and equal protection rights. The government responds that, under Anin v. Reno, 188 F.3d 1273, 1279 (11th Cir. 1999), we lack jurisdiction to review either the BIA's decision not to exercise its sua sponte authority to reopen or reconsider or Rahman's constitutional challenges. For the reasons set forth more fully below, we deny the petition.

On April 23, 2003, Rahman was issued a notice to appear, charging him with removability under § 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), for remaining in the United States for a time longer than permitted. In a motion dated September 11, 2003, Rahman moved to continue his case on the ground that he had a pending I-140 immigrant petition. On September 25, 2003, the Immigration Judge ("IJ") denied Rahman's motion for a continuance, finding that he failed to show good cause for the continuance, and that a continuance in the exercise of discretion was not warranted. At a hearing on October 2, 2003,

---

[1] Rahman's initial brief on appeal challenged the denial of the motion to reopen, but made no argument that the denial of reconsideration was erroneous. Issues not raised in an initial brief are abandoned. Al Najjar v. Ashcroft, 257 F.3d 1262, 1282 n.12 (11th Cir. 2001). Assuming, arguendo, that the issue is not abandoned, we find no abuse of discretion in the BIA's denial of the motion to reconsider for the reasons set forth below.

2

Rahman admitted the allegations in the notice to appear and conceded deportability. Rahman also renewed his motion to continue, which the IJ denied. The IJ ordered Rahman removed to Bangladesh, and Rahman appealed the IJ's denial of a continuance to the BIA. On April 28, 2005, the BIA adopted and affirmed the IJ's decision and the IJ's denial of Rahman's motion for a continuance. On September 19, 2005, Rahman filed a motion to reopen and reconsider the BIA's decision, seeking to reopen the proceedings to allow adjudication of his application for adjustment of status before the IJ.

During this period of time, the following developments relevant to Rahman's application for an adjustment of status occurred. On April 29, 2003, the Department of Labor granted an application for employment certification. An I-140 petition for an alien worker, dated August 7, 2003, was submitted on Rahman's behalf. A notification that the I-140 petition submitted on his behalf had been approved was issued on September 11, 2005. Rahman applied for adjustment of status on September 19, 2005.

The BIA denied Rahman's motion to reopen or reconsider. The BIA found that both the motion to reopen and the motion to reconsider were untimely, and that the motion to reopen did not fall within any of the enumerated exceptions to the time limitation. The BIA further found that Rahman failed to establish

3

exceptional circumstances which warranted its exercise of its sua sponte authority to reopen or reconsider the proceedings.

We review the denial of a motion to reopen for abuse of discretion, and we are limited to "determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006) (citation and quotation marks omitted).[2] Motions to reconsider are also reviewed for abuse of discretion. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). In ruling on a motion to reopen or reconsider, the BIA cannot ignore its own regulations. See Acosta-Montero v. I.N.S, 62 F.3d 1347, 1351 (11th Cir. 1995). Rahman's claims that the BIA's actions violated his due process and equal protection rights are reviewed de novo. Ali, 443 F.3d at 808.

An alien may file one motion to reconsider and, generally, one motion to reopen removal proceedings. 8 U.S.C. § 1229a(c)(6)(A), (7)(A); 8 C.F.R. § 1003.2(b)(2), (c)(2). A motion to reconsider must be filed within 30 days after entry of the final administrative order of removal. 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2). Aside from certain exceptions that are inapplicable to this

---

[2] We have implied jurisdiction to consider the BIA's denial of Rahman's motion to reopen under 8 U.S.C. § 1252(a)(1). Ali, 443 F.3d at 808 n.2. Consequently, the jurisdictional limitations applicable to final orders of removal are also applicable to our review of this motion. Id.

4

case, a motion to reopen must be filed within 90 days of the entry of the final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2)-(3). The 90-day period for filing a motion to reopen is jurisdictional and mandatory. Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1150 (11th Cir. 2005). Therefore, it is not subject to equitable tolling. Id. In addition, at any time, the BIA can reopen or reconsider on its own motion a case in which it has rendered a decision. 8 C.F.R. § 1003.2(a).

Rahman argues that the BIA lacked the authority to consider his motion to reopen and should have remanded it to the IJ for consideration. We disagree. The regulations give the BIA the authority to rule on motions to reopen and reconsider, and grant the BIA sua sponte authority to reopen or reconsider a case, such as this one, in which it rendered a decision. 8 C.F.R. §§ 1003.2(a), (i). The BIA's finding regarding exceptional circumstances was proper because it was made by the BIA to determine whether to exercise its discretionary authority to reopen or reconsider the case. See id. § 1003.2(a). Thus, the BIA was not violating its regulations because it was not making a factual finding in the course of deciding an appeal from the IJ's decision. See 8 C.F.R. § 1003.1(d)(3)(iv).[3]

---

[3] This section prohibits factfinding by the BIA "in the course of deciding appeals."

Except for taking administrative notice of commonly known facts such as current events or the contents of official documents, the Board will not engage in factfinding in the course of deciding appeals. A party asserting that the Board cannot properly

The BIA did not abuse its discretion in finding that Rahman's motion was untimely. Rahman's motion was filed over four months after the BIA's April 28, 2005 decision. Because Rahman's motion to reconsider was filed well after the 30-day filing period, the BIA did not abuse its discretion in finding that Rahman's motion to reconsider was untimely. Because Rahman's motion to reopen was filed after the 90-day period, and the 90-day requirement is jurisdictional and mandatory, the BIA did not abuse its discretion in finding that Rahman's motion to reopen was untimely.[4] Abdi, 430 F.3d at 1150.

While we have jurisdiction to review the BIA's decision not to exercise its sua sponte authority to reopen or reconsider, we hold that the BIA did not abuse its discretion. In Anin, we held that 8 C.F.R. § 3.2(a) (1999), which is now codified at 8 C.F.R. § 1003.2(a), gave the BIA's "non-reviewable discretion" to determine whether to reopen a case on its own motion. Anin, 188 F.3d at 1279. Although we used the phrase "non-reviewable discretion" when referring to our review of the

_____

resolve an appeal without further factfinding must file a motion for remand. If further factfinding is needed in a particular case, the Board may remand the proceeding to the immigration judge or, as appropriate, to the Service.

8 C.F.R. § 1003.1(d)(3)(iv) (emphasis added).

[4] We lack jurisdiction to consider Rahman's arguments that his motion was timely because either the 90-day period should be equitably tolled or "exceptional circumstances" should affect the 90-day period in which a motion to reopen can be filed because Rahman failed to raise these claims before the BIA. 8 U.S.C. § 1252(d)(1); Sundar v. I.N.S., 328 F.3d 1320, 1323 (11th Cir. 2003).

BIA's exercise of its sua sponte authority to reopen or reconsider, we held that the denial of Anin's motion to reopen was not an abuse of discretion. Id. We did not reach our holding based upon a lack of jurisdiction to review the decision. Accordingly, we have jurisdiction to review the BIA's decision not to exercise its sua sponte discretion, but, under Anin, we find no abuse of that discretion.

In light of the foregoing discussion, the government's reliance on Anin for the proposition that we lack jurisdiction to review Rahman's constitutional claims is, therefore, misplaced. We next consider the merits of Rahman's claims.

Aliens present in the United States are entitled to due process under the Fifth Amendment of the Constitution. Fernandez-Bernal v. U.S. Att'y Gen., 257 F.3d 1304, 1311 (11th Cir. 2001). In order to prevail on due process challenges, an alien must establish that he was deprived of liberty without due process of law, and that the alleged errors caused him substantial prejudice. Gonzalez- Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1333 (11th Cir. 2003). Aliens are entitled to due process of law in deportation proceedings. Reno v. Flores, 507 U.S. 292, 306, 113 S.Ct. 1439, 1449, 123 L.Ed.2d 1 (1993). Due process requires notice and an opportunity to be heard in removal proceedings. Sebastian-Soler v. U.S. Att'y Gen., 409 F.3d 1280, 1287 n.14 (11th Cir. 2005), cert. denied, 126 S.Ct. 1662 (2006). However, "aliens do not enjoy a constitutionally protected liberty interest in a purely discretionary form of relief." Garcia v. Att'y Gen., 329 F.3d 1217,

7

1224 (11th Cir. 2003). Furthermore, we have found no due process violation in the BIA's single member summary affirmance procedure. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1289 (11th Cir. 2003).

Because the BIA's discretion to sua sponte reopen or reconsider is so broad that it is non-reviewable, Anin, 188 F.3d at 1279, Rahman had no protected liberty interest in having his untimely motion granted by the BIA. Therefore, Rahman must demonstrate that he was deprived of notice and an opportunity to be heard. Sebastian-Soler, 409 F.3d at 1287 n.14.

Rahman argues that the issuance of a single member opinion violated his due process and equal protection rights. The single member summary affirmance procedure does not violate due process, Mendoza, 327 F.3d at 1289, and the denial of his motion by a single member of the BIA is not relevant to whether Rahman had notice and an opportunity to be heard. Because the BIA's original decision was also issued by a single member, the motion would be disposed of by a single member unless that member determines that the motion should be referred to a three-member panel when warranted under 8 C.F.R. § 1003.1(e)(6). 8 C.F.R. § 1003.2(i). Rahman makes no more than a conclusory assertion that disposition by a three-member panel was warranted. Because Rahman cannot show that the BIA erred in issuing a single-member order, he cannot show that the BIA's actions subjected him to an arbitrary or unreasonable classification in violation of his equal

8

protection rights. See <u>Brooks v. Ashcroft</u>, 283 F.3d 1268, 1274 (11th Cir. 2002)

("Classifications that distinguish among groups of aliens are subject to rational

basis review, and will be found valid if not arbitrary or unreasonable.").

The failure of the BIA to address why the 90-day filing period could not be

tolled or why he did not meet an exception to the 90-day rule did not violate

Rahman's due process rights. It is not relevant to whether Rahman had notice and

an opportunity to be heard. Furthermore, Rahman makes no argument that these

failures caused him substantial prejudice, and it is unclear how he would be

substantially prejudiced when he failed to raise either of these issues before the

BIA.

In light of the foregoing, we deny Rahman's petition for review.

**PETITION DENIED.**